IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFERSON A. MCGEE,

    Plaintiff,                              No. CIV S-05-2632 GEB EFB PS

    vs.

CALIFORNIA STATE SENATE, et al.,

    Defendants.                       ORDER AND FINDINGS AND RECOMMENDATIONS

                                            /

This action, filed by plaintiff on December 30, 2005, names over thirty defendants and concerns an alleged conspiracy to deprive plaintiff of his constitutionally-protected civil rights. Most of the named defendants have filed motions to dismiss, all of which are currently pending before this court.[1] On March 2, 2006, defendants' motions to dismiss were heard by Magistrate Judge John F. Moulds, who took all pending motions under submission.[2] Prior to that hearing, defendant County of Sacramento (and related defendants) filed a motion for an order declaring

---

[1] It appears that most of the defendants who have not filed motions to dismiss have still not been properly served. Some of those defendants have filed letters with the court notifying it of their intention not to appear in the action due to plaintiff's failure to properly serve them. Plaintiff, refuting the alleged defective service as to some of those defendants, has filed a request for default judgment. The court addresses that request herein. Other defendants have challenged plaintiff's defective attempts to serve them by filing motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(5). Others, still, have filed no response with regard to this complaint.

[2] This case, originally assigned to Magistrate Judge Peter A. Nowinski (ret.), was reassigned to the undersigned on August 28, 2006.

1

plaintiff a vexatious litigant. That motion, which plaintiff opposed, was taken under submission without oral argument on April 4, 2006. These findings and recommendations and order address all pending motions to dismiss, plaintiff's motion for summary judgment filed February 8, 2006, the motion for a vexatious litigant order, and plaintiff's "request" for entry of default.

I. BACKGROUND

Plaintiff filed this action on December 30, 2005. The complaint, which is eighty pages in length and names over thirty defendants, consists of rambling allegations regarding an alleged racially-motivated conspiracy to violate plaintiff's civil rights by evicting him from a commercial property where he operated his business, Valley Hi Sports Bar and Grill (hereinafter referred to as the "property"). The complaint includes seven counts and purports to present 30 separate claims for relief. As pointed out in the complaint, plaintiff is no stranger to this court. Plaintiff filed similar actions with this court in 2004 and 2005, both of which concerned his eviction from the property.[3] The present action concerns the same basic claims asserted in the actions, i.e., plaintiff's alleged wrongful eviction from the property.

Attempting to discern the allegations of the complaint is an exhausting, if not impossible, exercise (as is reviewing the case file for clues as to which of the thirty-plus named defendants have been properly served). Some of the moving defendants' motions to dismiss are based on Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process,[4] while others have moved to

---

[3] Paragraphs 14 and 15 of the complaint refer to case nos. 04-2598 LKK DAD PS and 05-0339 WBS DAD PS. Plaintiff misrepresents the disposition of both cases. The first action, which also concerns plaintiff's eviction from the property, was ultimately dismissed for failure to state a claim. The second action also concerned plaintiff's eviction from the property and was remanded to state court for resolution of the unlawful detainer action plaintiff improperly sought to remove to this court. It is also noted that plaintiff has filed several other actions with this court, discussed herein at footnote 14.

[4] Defendants Jerry Meyer, Reba Chastain, Dean Lueders, Trent Freitas, John Sutton and Diana Fouts-Guter (the "Department of Alcohol Beverage Control defendants") jointly filed a motion for dismissal pursuant Fed. R. Civ. P. 12(b)(5). Defendants Ed Flint, Mark Bearor, Deputy Kawamoto #1177, Deputy Keller #1185, and Lt. Bravos #54 have also jointly filed a motion for dismissal pursuant Fed. R. Civ. P. 12(b)(5).

1  dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[5] The moving defendants
2  appear to have suffered the same obstacles as the court in discerning what, if any, cognizable
3  claims have been asserted against them.  Although some of the motions are based on defendants'
4  immunity from suit,[6] each Rule 12(b)(6) motion includes arguments for dismissal based on the
5  vague and conclusory nature of the allegations in the complaint.  There exists several additional
6  problems with the complaint, addressed in more detail below.

7  Having considered all submitted papers, and for the reasons set forth below, the court
8  recommends that the action be dismissed with prejudice as to all defendants for failure to state a
9  claim pursuant to Fed. R. Civ. P. 12(b)(6) and for failure to comply with Fed. R. Civ. P. 8.  The
10 court also recommends that plaintiff's motion for summary judgment be denied.  Further, the
11 court denies plaintiff's request for entry of default against defendants City of Sacramento,
12 Heather Fargo, Bonnie Pannell, and Robbie Waters.  The dismissal of the complaint renders
13 moot the motions to dismiss for insufficiency of process.  Finally, the court denies defendants'[7]
14 motion for an order declaring plaintiff a vexatious litigant.

15 /////

---

[5] Defendants MMDD Sacramento Project, Asset Investment Managers, John Lawrence Tiner, Mel di Salvo, Willie Richardson, and John Ben Tiner (the "MMDD defendants") jointly filed a Rule 12(b)(6) motion. Defendant Thomas Hogan, an attorney who represented the MMDD defendants in state court, also filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Defendants William Lockyer and Arnold Schwarzenegger jointly filed such a motion. Defendants County of Sacramento, Lou Blanas, Jan Scully, Albert Locher, Deborah Lobre (erroneously sued as Rebecca Lobre), Ed Flint, Mark Bearor, Deputy Kawamoto #1177, Deputy Keller #1185, and Lt. Bravos #54 jointly filed a Rule 12(b)(6) motion, as did defendants "California State Senate," "California State Assembly," Fabian Nunez and Donald Perata.

[6] Defendants Arnold Schwarzennegger and William Lockyer assert Eleventh Amendment immunity in their motion to dismiss.  Similarly, defendants "California State Senate," "California State Assembly," Fabian Nunez and Donald Perata (collectively referred to herein as the "legislature defendants"), have based their motion to dismiss in part on the theory of legislative immunity. *Bogan v. Scott-Harris*, 523 U.S. 44, 46 (1998).

[7] Defendants County of Sacramento, Lou Blanas, Jan Scully, Albert Locher, Ed Flint, Deputy Keller #1185, and Lt. Bravos #54 filed a motion for an order declaring plaintiff a vexatious litigant.

II. <u>DISCUSSION</u>

The court finds, *sua sponte*, that the complaint does not comply with Fed. R. Civ. P. 8, and that plaintiff has failed to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court recommends that the complaint be dismissed on those grounds, and that the action be dismissed with prejudice as to all defendants. Moreover, for the reasons set forth below, the court recommends that the dismissal be entered without leave to amend.

A. <u>Dismissal Pursuant to Fed. R. Civ. P. 8 and Fed. R. Civ. P. 12(b)(6)</u>

Rule 8 of the Federal Rules of Civil Procedure sets forth general rules of pleading in the federal courts. Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

A complaint that fails to comply with Rules 8(a) and 8(e) may be dismissed *with prejudice* pursuant to Fed. R. Civ. P. 41(b). *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (emphasis added). Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) ("Rule 8(e), requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad. . . .").

Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

The complaint in this action fails to meet the requirements of Fed. R. Civ. P. 8 and illustrates the "unfair burdens" imposed by complaints that are "prolix in evidentiary detail, yet

4

without simplicity, conciseness and clarity" and that "fail to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1179-80. The complaint filed in this action is just such a complaint. It has demanded substantial amounts of this court's time to read and analyze, not to mention the time many defendants have undoubtedly devoted to responding to it. It is nearly eighty-pages in length and contains repetitious allegations of a vast conspiracy between plaintiff's landlords, their attorneys, the City and County of Sacramento, the California State Legislature, and various officials and representatives from those governmental bodies to evict plaintiff from the property and otherwise violate his civil rights. For these alleged wrongs, plaintiff seeks hundreds of millions of dollars in monetary relief. Despite its length, the complaint contains no specific factual allegations to support the conclusory allegations of a conspiracy or the other alleged wrongs. Accordingly, the complaint fails to set forth a "short and plain statement" showing plaintiff is entitled to relief, as required by Fed. R. Civ. P. 8(a)(2), nor are its averments "simple, concise and direct" as required by Fed. R. Civ. P. 8(e).

Furthermore, neither is the court fully satisfied that plaintiff has sufficiently established this court's jurisdiction over this action. Fed. R. Civ. P. 8(a)(1). Plaintiff bears the burden of establishing jurisdiction. *See*, *e.g.*, *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995); *Thornhill Pub. Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

A federal court is a court of limited jurisdiction and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). A federal claim which is so insubstantial

as to be patently without merit cannot serve as the basis for federal jurisdiction. *See Hagans v. Lavine*, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974); *Bell v. Hood*, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).

Here, plaintiff seeks to invoke the court's federal question jurisdiction. While some of plaintiff's claims appear to be state law claims against the MMDD defendants for breach of the lease agreement, *see*, *e.g.*, Complaint, at ¶¶ 17-19, 23, the majority of the allegations refer to a conspiracy to violate plaintiff's constitutionally protected civil rights. These "federal claims," to the extent they can be construed as such, appear to be premised on defendants' alleged violation of various federal statutes. *See*, *e.g.*, Complaint, at ¶¶ 2, 21, 22, 34. Plaintiff's allegations in this vein are coupled with repeated citations to various federal statutes, including, 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, 1988, and 2000a. However, the complaint does not explain *how* defendants supposedly violated these statutes, and it is devoid of any *facts* that would establish a colorable claim under any of these provisions. Simple citation to these statutes does not establish subject matter jurisdiction.

Based on all the aforementioned defects of the complaint, the court recommends dismissal of the entire action with prejudice for failure to comply with Fed. R. Civ. P. 8.

Although failure to comply with Fed. R. Civ. P. 8 is a basis for dismissal independent of Rule 12(b)(6), *McHenry*, 84 F.3d at 1179 (9th Cir. 1996) (citations omitted), dismissal for failure to state a claim is also an appropriate ground for dismissal of the present action.

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. Spalding*, 467 U.S. 69, 74 (1984) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

Cir. 1990).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint.  *Hosp. Bldg. Co. v. Rex. Hosp. Trs.*, 425 U.S. 738, 740 (1976); *Church of Scientology of California v. Flynn*, 744 F.2d 694 (9th Cir. 1984).  The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor.  *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  In a case where plaintiff is proceeding pro se, the court has an obligation to construe the pleadings liberally.  *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's liberal interpretation of a pro se complaint may not supply essential elements of a claim that are not plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Having carefully reviewed the complaint, the court finds that it fails to state a claim upon which relief can be granted.  As explained above, the complaint's eighty pages contain little more than conclusory allegations that defendants conspired to violate plaintiff's constitutional rights.  Plaintiff repeatedly refers to various federal statutes – 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, 1988, and 2000a – but fails to allege any specific facts demonstrating any cause of action available under these statutory provisions.  Moreover, the conclusory allegations of the complaint are repetitious and vague.

Having determined that the complaint fails to satisfy Rule 8(a) and must be dismissed under Rule 12(b)(6) for failure to state a claim, the remaining inquiry is whether to dismiss with leave to amend.  Although a court should generally consider less drastic measures before dismissing a case with prejudice, it is not required to exhaust such measures.  *McHenry*, 84 F.3d at 1179.  This is especially true where amendment would be futile.  *See Noll v. Carlson*, 809 F.2d

1446 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile.). In this case, the court finds that amendment of the complaint would be futile.

The court bases this finding not only on the deficiencies of the complaint itself, but also on a case brought to the court's attention by the plaintiff. In case no. 04-CV-2598 LKK DAD PS, plaintiff sued many of the same defendants in the present action on claims virtually identical to those asserted here. In that action, plaintiff alleged that defendants conspired to violate his constitutional rights in relation to his eviction from the property. Just as in the present case, plaintiff invoked several federal statutes, including 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, 1988 and 2000a, but failed to explain these citations or otherwise support them with sufficient factual allegations to state a claim. The court in that case granted plaintiff leave to amend, but ultimately dismissed the action for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and for failure to comply with Fed. R. Civ. P. 8.

Clearly, plaintiff has been afforded ample opportunities in that earlier action to amend the nearly identical complaint to state a cognizable claim and has failed to do so. Moreover, review of the earlier case demonstrates that the present action is likely barred under the doctrine of *res judicata*, at least as to those defendants who were parties or privities of the defendants named in the earlier suit.[8] *See Blonder-Tongue Lab. v. Univ. of Ill. Found.*, 402 U.S. 313, 323-24 (1971) (a federal claim may be barred by res judicata where an earlier lawsuit involved the same claim, the same parties or their privities, and resulted in a final judgment on the merits); Fed. R. Civ. P.

////

////

---

[8] The defendants in the 2004 case are: Arnold Schwarzenegger, William Lockyer, Sacramento County, Lou Blanas, Jan Scully, Albert Locher, Sacramento City, Heather Fargo, Bonnie Pannell, Robbie Waters, Albert Najera, Officer Bailey, Jerry "Mayer," and James Stinson. The only "new" defendants to the present action appear to be the MMDD defendants, the legislature defendants, and some additional county and city employees.

41(b) (a final judgment on the merits includes a dismissal for failure to state a claim).[9]  This, together with the deficiencies outlined above, clearly demonstrates that plaintiff is unable to amend his complaint to state a claim.  Accordingly, the court finds that permitting amendment in this case would be futile.

For the above stated reasons, the court recommends dismissal with prejudice.  In light of this determination, the court declines to address each of the many alternative arguments for dismissal proffered by the moving defendants in their various motions to dismiss.  *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981) (a court may dismiss a claim upon motion of the defendants or *sua sponte* pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted").  Further, the court's recommendation of dismissal applies to all defendants in the action, not just those who have filed motions to dismiss.[10]  This finding is especially appropriate in the present case where numerous defendants were never properly served pursuant to Fed. R. Civ. P. 4. [11]

---

[9] Although the court notes that it is generally inappropriate to raise a claim preclusion bar *sua sponte*, it may do so when it is on notice that it previously decided the issues presented. *Arizona v. California*, 530 U.S. 392, 412 (2000).  Here, plaintiff himself brought his previous lawsuits to the court's attention.  Moreover, the court does not raise this issue as a sole ground for dismissal, but merely as a comment on plaintiff's litigiousness and his prior inability to state a claim with regard to the same alleged conspiracy despite being granted leave to amend.

[10] The court "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of the moving defendants or where claims against such defendants are integrally related." *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981); *see also Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("Such a dismissal may be made without notice where the plaintiff cannot possibly win relief.").  The court's authority in this regard includes *sua sponte* dismissal as to defendants who have not been served and those who have not yet answered or appeared. *See Ricotta v. State of California*, 4 F. Supp. 2d 961, 978 (S.D. Cal. 1998); *Bach v. Mason*, 190 F.R. D. 567, 571 and n.7 (D. Idaho 1999).

[11] The "Department of Alcohol Beverage Control defendants" argue in their jointly filed motion for dismissal pursuant Fed. R. Civ. P. 12(b)(5) that plaintiff's alleged proof of service fails to demonstrate personal service on each of them individually, or that plaintiff otherwise complied with relevant federal and/or state service requirements.  Defendants Ed Flint, Mark Bearor, Deputy Kawamoto #1177, Deputy Keller #1185, and Lt. Bravos #54, moving jointly pursuant to Fed. R. Civ. P. 12(b)(5), also assert that they were never properly served.  Finally,

1   Accordingly, the court recommends that the action be dismissed with prejudice as to all
2   defendants for failure to comply with Fed. R. Civ. P. 8 and for failure to state a claim pursuant to
3   Fed. R. Civ. P. 12(b)(6).

### B. Plaintiff's Motion for Summary Judgment

In light of the foregoing analysis, the court also recommends that plaintiff's motion for summary judgment be denied. That motion, filed February 8, 2006, is little more than a reprise of the originally filed complaint. Fifty-seven pages of the "motion" purport to be plaintiff's "statement of undisputed facts." These facts are almost identical to the inadequate allegations in the complaint and are unsupported by any admissible evidence. Plaintiff's failure to provide a sufficient statement of uncontroverted facts is grounds by itself for denial of the motion. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 774-75 (9th Cir. 2002). Accordingly, plaintiff's motion must be denied.

### C. Plaintiff's "Request for Entry of Default Judgment"

On May 15, 2006, plaintiff filed a "request for clerk to enter default" against defendants City of Sacramento, Heather Fargo, Bonnie Pannell, and Robbie Waters. The Clerk, correctly, never entered default, presumably because plaintiff failed to provide proof that these defendants had been properly served with copies of the summons and complaint.

On March 21, 2006, a city attorney for the City of Sacramento filed two letters with this court indicating that defendants City of Sacramento, Mayor Heather Fargo, Sacramento City Council Members Bonnie Pannell and Robbie Waters, Albert Najera, Officer Pease, and Officer

---

the court notes that the City of Sacramento filed two letters indicating that defendants City of Sacramento, Mayor Heather Fargo, Sacramento City Council Members Bonnie Pannell and Robbie Waters, Albert Najera, Officer Pease, and Officer Bailey had not yet been properly served. More than three hundred days have passed since plaintiff filed this complaint on December 30, 2005, but during that time he has failed to properly effect service on the any of these defendants. *See* Fed. R. Civ. P. 4(m) (requiring service within 120 days from the filing of the complaint). Plaintiff was not without notice that his attempts at service were, as a general matter, defective. In Judge Nowinski's order dated February 10, 2006, plaintiff was advised that a default judgment was not proper given, among other things, his ineffective attempts to properly serve several of these defendants.

1 Bailey had not yet been properly served.  On March 17, 2006, plaintiff filed a "certificate of
2 service" stating he had served "a copy of the order requiring timely service and joint status
3 report and notice of availability of a magistrate judge along with the summons and complaint
4 served upon the defendants to March 1, 2006 to . . . City of Sacramento, Bonnie Pannell, Heather
5 Fargo, and Robbie Waters."  This proof of service, untimely as it is, fails to establish proper
6 service under Rule 4.  It contains no evidence as to *how* these defendants were served and
7 whether or not that manner of service complied with applicable federal or state standards.[12]
8 Finally, the affidavit filed by plaintiff with his May 15, 2006, request for default also fails to
9 demonstrate proof of effective service on these defendants.  Accordingly, plaintiff's "request for
10 entry of default" is denied.

11 III.    VEXATIOUS LITIGANT MOTION

12          On March 1, 2006, defendants County of Sacramento, Lou Blanas, Jan Scully, Albert
13 Locher, Ed Flint, Mark Bearor, Deputy Kawamoto #1177, Deputy Keller #1185, and Lt. Bravos
14 #54 (collectively referred to as the "county defendants") jointly filed a motion for an order
15 declaring plaintiff a vexatious litigant.  The MMDD defendants filed a statement of non-
16 opposition to that motion, as did defendants Arnold Schwarzenegger and William Lockyer.
17 Plaintiff filed a ninety-five page opposition to the motion, to which the county defendants replied
18 on April 6, 2006.  On that date, the court took the motion and all related filings under submission
19 without oral argument pursuant to Local Rule 78-230.  Based on a review of the papers, the court
20 denies without prejudice the county defendants' motion for an order declaring plaintiff a
21 vexatious litigant.
22 ////

---

[12] Fed. R. Civ. P. 4(e) provides that service upon individuals within a judicial district from whom a waiver of service has not been obtained may be made by personal service or pursuant to the law of the state in which the district court is located.  It seems that plaintiff complied with neither.  Plaintiff makes no averment as to personal service, nor does he show that he otherwise satisfied the California service rules as to these defendants.  *See* Cal. Civ. Proc. Code §§ 415.20, *et seq.*

The Ninth Circuit has acknowledged the "inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990) (discussing requirements, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for issuing an order requiring a litigant to seek permission from the court prior to filing any future suits); *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999); *see also Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001) (court has inherent power to sanction willful or reckless conduct when combined with either frivolousness, harassment, or improper purpose).

This inherent power includes the issuance of restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation. *Delong*, 912 F.2d at 1147. However, the Ninth Circuit has admonished that "such pre-filing orders should rarely be filed." *Id.* (citing *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982) (an order imposing an injunction "is an extreme remedy, and should be used only in exigent circumstances"); *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980) ("The use of such measures against a pro se plaintiff should be approached with particular caution."); and *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988) (per curiam) (such orders should "remain very much the exception to the general rule of free access to the courts.").

In support of their motion, the county defendants cite five cases plaintiff initiated in this court, in addition to four state court actions.[13] Although the court agrees that many of the cited federal actions are frivolous[14] the court is not at this time satisfied that plaintiff should be

---

[13] Judicial notice may be taken of court records. *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981), *cert. denied*, 454 U.S. 1126 (1981)).

[14] In *McGee, et al. v. People of the State*, case no. 04-CV-00283 GEB KJM PS, the court summarily remanded to state court plaintiff's action to remove a pending criminal state prosecution against him. In *McGee, et al. v. Schwarzenegger*, case no. 04-CV-002598 LKK DAD PS, discussed in detail above, plaintiff sought to litigate almost identical claims against many of the same defendants named in the present action. That case was dismissed with

declared a vexatious litigant. Nonetheless, plaintiff is cautioned that he is not far from qualifying for that designation. Accordingly, the court denies defendant's motion to declare plaintiff a vexatious litigant. The court further denies the request for sanctions pursuant to Fed. R. Civ. P. 11(c)(2).[15]

IV. CONCLUSION

In accordance with the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for default denied.

2. Defendants' request for an order declaring plaintiff a vexatious litigant and for sanctions is DENIED;

Further, IT IS RECOMMENDED that:

1. Plaintiff's motion for summary judgment be denied;

2. The action be dismissed with prejudice against all defendants for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and for failure to comply with Fed. R. Civ. P. 8; and,

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

prejudice for failure to state a claim. In *McGee, et al. v. MMDD Sacramento Project, et al.*, case no. 05-CV-00339 WBS DAD PS, plaintiff sought to remove an unlawful detainer action brought by the owners of the same property at issue in this case. The action was remanded to state court. The court notes other actions filed by plaintiff: *MMDD Sacramento Project v. McGee*, case no. 05-CV-134 FCD PAN PS (erroneously captioned with plaintiff as defendant, plaintiff sought to remove an unlawful detainer action concerning the same property at issue in the present action; remanded to state court); *McGee, et al. v. Seagraves et al.*, case no. 06-CV-00495 MCE GGH PS (plaintiff filing under the name "Jeffrey McGee" brought suit to remove an unlawful detainer action from state court; remanded to state court); *McGee v. Craig, et al.*, case no. 00-CV-1578 GEB DAD PS (plaintiff sought to remove an unlawful detainer proceeding from state court; remanded to state court).

[15] Plaintiff's request for Rule 11 sanctions was not made by separate motion as required by Fed. R. Civ. P. 11(c)(1)(A).

13

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten (10) days after service of the objections.  The parties are
3  advised that failure to file objections within the specified time may waive the right to appeal the
4  District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,
5  951 F.2d 1153, 1157 (9th Cir. 1991).

6  DATED:  December 29, 2006.

    /s/ Edmund F. Brennan
    EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE